UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUIS ALBERTO SARAS CATANO,

Petitioner,

v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT FIELD OFFICE
DIRECTOR,

Respondent.

C25-2630 TSZ

ORDER

THIS MATTER comes before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, docket no. 4.  Having reviewed all papers filed in support of, and in opposition to, the petition, the Court enters the following Order.

**Background**

In February 2020, at the age of 17, petitioner entered the United States without being admitted or paroled.  _See_ Bloom Decl. at ¶ 4 (docket no. 9); Ex. A to Lambert Decl. (docket no. 8-1).  Shortly thereafter, he was detained in Arizona, along with his parents and two siblings, placed in removal proceedings, and released on recognizance.  _See_ Exs. A–D to Lambert Decl. (docket nos. 8-1, 8-2, 8-3, & 8-4).  A deportation officer employed by the U.S. Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), Office of Enforcement and Removal Operations ("ERO")

ORDER - 1

has represented to the Court that petitioner is subject to an order of removal, with Venezuela designated as the country of removal, and Columbia identified as an alterative, and that the order of removal is currently pending review by the Board of Immigration Appeals ("BIA"). Bloom Decl. at ¶¶ 7 & 9–10 (docket no. 9). No copies of orders or transcripts of oral rulings by an immigration judge or of the BIA's docket have been provided. The same deportation officer asserts that petitioner is currently detained at the Northwest ICE Processing Center ("NWIPC")[1] pursuant to Immigration and Nationality Act ("INA") § 235(b)(2), codified as 8 U.S.C. § 1225(b)(2). Bloom Decl. at ¶ 17 (docket no. 9).

**Discussion**

The deportation officer's contention that petitioner is detained under 8 U.S.C. § 1225(b)(2), rather than 8 U.S.C. § 1226(a), runs contrary to the jurisprudence of this District. _See_, _e.g._, _Cotoc Yac de Yac v. Hermosillo_, No. 25-cv-2593, 2026 WL 124334, at *2 (W.D. Wash. Jan. 16, 2026) ("8 U.S.C. § 1226(a) is broader than its counterpart [§ 1225(b)] and is the 'default rule' for noncitizens present in the United States who are arrested and placed in immigration detention."); _Mena Torres v. Wamsley_, --- F. Supp. 3d

---

[1] In September 2025, petitioner pleaded guilty in Utah County Provo District Court to three counts of sexual battery, a class A misdemeanor punishable by a term of imprisonment not exceeding one year. Bloom Decl. at ¶ 14 (docket no. 9); _see_ Utah Code Ann. §§ 76-3-204(1)(b)(i) & 76-5-418. Before petitioner could be sentenced, ICE took custody of him and transferred him to the NWIPC. _See_ Bloom Decl. at ¶¶ 14–16 (docket no. 9) (indicating that sentencing was scheduled for November 18, 2025, and that petitioner has been in ICE's custody since October 3, 2025). Respondent makes no argument that petitioner is mandatorily detained pursuant to 8 U.S.C. § 1226(c) or that his custodial status is in any way tethered to this recent conviction.

ORDER - 2

---, 2025 WL 2855379, at *3 (W.D. Wash. Oct. 8, 2025) (§ 1226 "applies to aliens who are already present in the country, but might be removable because they either were inadmissible at the time of entry or have been convicted of one or more statutorily-enumerated criminal offenses"); *see also* *Bautista v. Santacruz*, --- F. Supp. 3d ---, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026) (vacating *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)), *appeal filed*, No. 26-1044 (9th Cir. Feb. 23, 2026). Indeed, respondent acknowledges that judges in this District have repeatedly ruled against the theory that noncitizens already in the United States are like aliens standing at the border seeking admission. *See* Return at 3 (docket no. 7) (citing *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025)); *see also* *Mena Torres*, 2025 WL 2855379, at *3. Respondent concedes that the appropriate remedy, in light of petitioner's non-mandatory detention pursuant to § 1226(a), is a bond hearing before an immigration judge. *See* Return at 3 (docket no. 7); *see also*, *e.g.*, *Del Valle Castillo v. Wamsley*, No. 25-cv-2054, 2025 WL 3524932 (W.D. Wash. Nov. 26, 2025). The Court concludes that a bond hearing is sufficient to correct the ongoing violation of the INA, and it will issue a conditional writ of habeas corpus. *See* *Galvan v. Hermosillo*, No. 25-cv-2349, 2025 WL 3484755 (W.D. Wash. Dec. 4, 2025).

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     The petition for a writ of habeas corpus, docket no. 4, is GRANTED as follows. Within fourteen (14) days of the date of this Order, petitioner Luis Alberto

ORDER - 3

Saras Catano shall be provided a bond hearing under 8 U.S.C. § 1226(a) or released from custody at the NWIPC;

(2)     The Court retains jurisdiction to ensure compliance with the conditional writ of habeas corpus, and petitioner may seek further relief from the Court if DHS, ICE, and/or ERO fail to comply with this Order;

(3)     Within twenty-one (21) days of the date of this Order, respondent shall (i) file a status report indicating petitioner's custodial status, and (ii) provide copies of any related orders and/or transcripts of oral rulings issued by an immigration judge; and

(4)     The Clerk is directed to send a copy of this Order to all counsel of record and to petitioner pro se.

IT IS SO ORDERED.

Dated this 26th day of February, 2026.

Thomas S. Zilly
United States District Judge

ORDER - 4